FRED KELLOGG, Appellant, v. A. L. HOTTMAN et al., Appellees.

No. 44792.

JUNE 20, 1939.

Cook & Cook, for appellant.

Genung & Genung and Harry Hoffman, for appellees.

OLIVER, J.—Appellant is the owner of NE¼ and S½ SE¼ of Section 31, Twp. 74, Range 43, Pottawattamie county, Iowa. West of said land is the Missouri river. Said river flows almost due south until it reaches a place about opposite the center of the section. At said place it makes an abrupt west turn, and flows westerly for more than a mile before completing another turn to the south. Formerly the east bank of the river was only a few rods west of appellant's northeast quarter of said section, and was about one-half mile west of the northwest corner of plaintiff's 80 in the south half of said section, and approximately one and one-half miles west of the southwest corner of said 80. However, due in part to government river stabilization work, the main channel of the river has moved west about one-half mile, so that it is now more than one-half mile west of said NE¼ and approximately two miles west of the south end of plaintiff's S½ SE¼. The former channel of the river is filled only in times of high water and is covered with willows and cottonwood trees.

The half section containing appellant's land has, for a number of years, been protected from overflows of the river by embankments and levees on all sides thereof. Upon the entire north side is the high bank of a drainage ditch which extends as far west as the old channel of the river. The road upon the east has been built up and serves as a levee. Upon the south is a road which forms the dividing line between Mills county and Pottawattamie county, and extends west to the river. This county line road was, a few years ago, built up as a levee and serves to cut off the flow of floodwater. Along the west side of said northeast quarter is an old levee which connects with the bank of the drainage ditch to the north. At the south end of this old levee is a ridge of higher land. Said ridge runs south almost to the county line road with which it is connected by a short levee.

Appellees are the owners of farm lands in Mills county, south of said county line road. A few years ago Mills-Pottawattamie Levee District was established by the supervisors of said counties, which district included the lands of both appellant and appellees. The north end of the dike, constructed by this district, ran in a general northeasterly direction from a point

near the county line road to a point some rods west of the center of section 31. This north end, for a considerable distance, had been sometime since destroyed by action of the river.

The controversy here relates to a new levee which appellees, by private enterprise, constructed to replace said destroyed portion and which practically follows the line thereof. Said new levee is about a mile in length and runs in a northeasterly direction from a point on the old dike about 20 rods north of the Mills county line to a point not far from the center of section 31 where it swings east for a few rods and connects with the levee along the west side of appellant's land. It is made of dirt piled to a height of from 4 to 7½ feet. The elevation of its top is substantially uniform, the height of the dike itself varying according to the elevation of the ground, and its effective height, when it has settled, will be more than a foot above appellant's west dike and the county line road.

The land in this vicinity slopes generally to the south at an average of somewhat less than one foot per mile. West of appellant's property the land also slopes west to the river.

Floodwaters from the river although traveling southward have always been restrained by the banks of the drainage ditch to the north and apparently reach appellant's land from the west. For the last 30 or 35 years the dike on the west has effectively protected said land from all floods from the river. During floods the width of the river at said place is from 1 to 2 miles. Since the county line road or levee was elevated to the approximate effective height of plaintiff's west dike, said road has blocked the southward passage of floodwaters, which are required to flow around the end of the road about 1½ miles west before going south. It may be said, without mathematical exactness, that the new dike forms the hypotenuse of a right-angled triangle of about 180 acres. The ridge along the west side of appellant's land and the county line road to the south constitute the sides of this triangle. The so-called hypotenuse formed by the new dike makes the triangle imperfect because it is not a straight line but is actually a sweeping curve. Floodwaters west of the land in controversy will hereafter move southwesterly along this so-called hypotenuse instead of theoretically following the two sides of the triangle and traveling through the pocket at its apex.

This action was instituted by appellant against said appel-

lee landowners, and also the levee contractor, primarily to enjoin its construction and maintenance at a height greater than that of the west levee of appellant. From the prayer of the petition it is apparent that the principal objection is to the height of the new levee. The complaint is that it would narrow the channel occupied by the river in times of flood, would obstruct, retard and raise the height of floodwaters along appellant's land and that in case floodwaters should pass over appellant's levees and upon his land, their escape therefrom would be prevented. The petition makes no complaint relative to surface water.

The trial court found appellant had failed to establish that the erection of said dike would cause additional water to go upon his lands, or would cause damage or be likely to do so, and had failed to show damage or probability of damage. From the resultant decree denying the injunction and dismissing the petition this appeal is prosecuted.

I. The contentions of appellant are based upon the theory that the effect of the new dike will be to raise the elevation of the floodwaters along appellant's west dike, and to retard their southward flow. Appellees dispute this theory. On both sides was introduced testimony of engineers relative to the physical conditions. These witnesses also gave expert testimony as to the probable action of future floods. There appears to be no substantial controversy as to the facts. The disagreement involves the opinions of witnesses based upon said facts.

Apparently the problem of correctly estimating and predicting the probable results of the new dike is complicated by various other levees which have been erected to form protective barriers against Missouri river floodwaters. It would appear that general efforts have been made to protect from floods the agricultural lands in this section adjacent to the river. This new levee was built practically upon the position occupied by the former dike of a public levee district, and which had been destroyed by action of the river. At the time the new dike was built the county line road already constituted a barrier to the flow of floodwaters southward up to its elevation.

We will not attempt to detail the technical evidence or the conflicting expert opinions. However, upon consideration of the record we conclude it does not sustain the contention of appellant that the new dike will result in essential interference

with the floodwaters or appreciably increase their volume or height alongside of appellant's land.

II. Another ground of complaint is that the new dike bottles up appellant's land, and would prevent any floodwaters, which might flow over appellant's dike into said land, from running back to the river when the floodwaters recede. It is argued that in case appellant's land should be flooded the damage would be increased by reason of the inability of said water to flow away.

That agricultural land may possibly be flooded and that a levee which would tend to hold the floodwaters upon the land might cause an increase in the resultant damage does not furnish sufficient ground for enjoining the maintenance of said levee. Black v. Escher, 186 Iowa 554, 173 N. W. 50.

In this case the record supports the findings of the trial court that appellant's dike had been effective to protect his land for many years and the floodwaters of the river had never gone over said dike; also that there was no proof that there would ever be any extraordinary flood and that in such situation the elevation of appellees' dike was immaterial. We think the trial court correctly held that appellant failed to sustain the burden of proving such probable damage from said new levee as to entitle him to enjoin its construction or maintenance.

Wherefore, the decree is affirmed.—Affirmed.

All JUSTICES concur.